[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 475 
The agreement of Walkley, which the plaintiff's assignor, Calvin Skinner, guaranteed, recited that the one acre and 153 rods of land, sold by Walkley to Valentine and his wife, were subject to a mortgage of $150 per acre, which Walkley bound himself to cancel and pay when due and payable, leaving a fee simple title in Valentine and his wife. Calvin Skinner guaranteed that Walkley should pay and discharge such mortgage. When this guarantee was executed the mortgage was not present, nor does it *Page 477 
appear that Calvin Skinner knew that it was for any larger amount than $150 per acre on one acre and 153 rods of land. In fact it was a mortgage of $1,459.68, covering upward of nine acres of land, of which the one acre and 153 rods sold to Valentine were a part, and it amounted to just $150 per acre on the nine acres and upward. All the residue of this tract had been sold before the sale to Valentine, and unless upon such prior sales the purchasers had assumed the payment of their respective proportionate parts of the mortgage, they would have the right to insist, in case of a foreclosure, that the lands be sold in the inverse order of alienation, the result of which would be to subject Valentine's land to be first sold. Valentine claims that the purpose of Walkley's agreement and Skinner's guarantee was to clear his land of the incumbrance of the mortgage, and that this could only be accomplished by paying the entire mortgage. But it did not appear upon the trial what arrangements had been made with the prior purchasers in respect to the mortgage, nor that Calvin Skinner, the guarantor, had notice that Valentine's land was subject to any incumbrance beyond $150 per acre, nor that it was in fact subject to any greater lien.
We think the Supreme Court correctly construed the guarantee, as limited to the payment of $150 per acre on Valentine's purchase. This leads to an affirmance of the judgment. Valentine, by accepting the assignment, of the Shaw mortgage accepted Skinner's proposition that he should cash it, deducting the amount of the "Walkley claim" (as it was called between them). This claim, amounting only to about $149 of interest then due, instead of the sum of $798.68, which was retained, the plaintiff, as assignee of Calvin Skinner, was entitled to a verdict for the difference.
We have considered the argument on the part of the appellant in which he contends that the agreement of Walkley sufficiently describes the Blair mortgage. The answer to this argument is, that from a reading of the instrument itself, without knowledge of the extrinsic facts, it would be impossible to know that there was any such mortgage, or any lien *Page 478 
on Valentine's land exceeding $150 per acre; that Calvin Skinner, the guarantor, is not shown to have had any knowledge of those extrinsic facts, and cannot therefore be deemed to have contracted with reference to them. There is nothing on the face of the instrument to show that the mortgage covered any except the one acre and 153 rods sold to Valentine.
The judgment should be affirmed with costs.
All concur, except CHURCH, Ch. J., dissenting.
Judgment affirmed.